# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REX REEDER,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION; and DEBORAH REED GARCIA,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:17-cv-01195-DB-PMW<br><br>District Judge Dee Benson<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Defendant Federal Express Corporation's ("FedEx") motion to dismiss, or in the alternative, for summary judgment,[2] and Plaintiff Rex Reeder's ("Reeder") motion for clarification.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (the "Local Rules"), the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the court recommends that the district court grant FedEx's motion to dismiss and deny Reeder's motion for clarification.

---

[1] *See* docket no. 2.

[2] *See* docket no. 7.

[3] *See* docket no. 15.

## BACKGROUND

Reeder's complaint alleges discrimination in employment pursuant to Title VII of the Civil Rights Act, and age discrimination pursuant to the Age Discrimination in Employment Act of 1967, against his former employer, FedEx.[4] According to the complaint, Reeder was disciplined after he "was assigned by FedEx Legal Dept to investigate 4 Alert Line discrimination complaints in Portland Oregon."[5] The complaint alleges that Reeder's manager, Deborah Reed Garcia ("Garcia") "only disciplined employees over 55 years of age."[6] Attached to the complaint as Exhibit 1, and incorporated therein, is Reeder's petition to the Utah Supreme Court for writ of certiorari ("Petition").[7] The Petition seeks the Utah Supreme Court's review of Reeder's litigation in state proceedings of identical claims of discrimination and retaliation, and against the same defendants as in the case before this court.[8] Reeder seeks "employment reinstatement with backpay and removal of all discipline from his record."[9]

## DISCUSSION

The court will first address FedEx's motion to dismiss, or in the alternative, for summary judgment, and then Reeder's motion for clarification.

---

[4] *See* docket no. 1 at 3.

[5] *Id.* at 4.

[6] *Id.* at 5.

[7] *See* docket no. 1-2.

[8] *See id.*

[9] *Id.*

I.      **Motion to Dismiss, or in the Alternative, for Summary Judgment**

For the reasons set forth below, the court recommends that FedEx's motion to dismiss be converted to a motion for summary judgment and that it be granted.

   a.  **Standard of Review**

FedEx challenges Reeder's complaint in a motion to dismiss, or in the alternative, a motion for summary judgment. "[W]here a Rule 12(b)(6) motion raises matters outside the pleadings, it shall be treated as a motion for summary judgment subject to the requirements of Fed.R.Civ.P. 56. Rule 56(c) in turn requires that the opposing party be given ten days notice prior to hearing of the motion within which to file opposing affidavits." *Bldg. & Const. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1495–96 (10th Cir. 1993).

Here, FedEx attached exhibits containing evidence not in the pleadings to support its motion.[10] The court also concludes that Reeder had adequate notice that the motion to dismiss could be converted to a motion for summary judgment, because the caption of FedEx's motion states that it is a motion to dismiss "or in the alternative, for summary judgment."[11] *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) ("A court is not required to give notice of its intention to convert a Rule 12(b)(6) motion into a summary judgment motion when the motion was styled in the alternative."). Accordingly, the court will convert FedEx's motion to dismiss to a motion for summary judgment and review it under the appropriate standard.

---

[10] *See* docket nos. 10-1 – 10-6. Some of this evidence is referred to Exhibit 1 to Reeder's complaint. *See* docket no. 1-2.

[11] Docket no. 7 at 1.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the court reviews the facts in a light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *See Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015). To prevail on summary judgment, the movant must prove that no genuine issue of material fact exists for trial. *See* Fed. R. Civ. P. 56(a); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). Accordingly, to survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *S.E.C. v. Smart*, 678 F.3d 850, 858 (10th Cir. 2012) (internal quotation marks and citation omitted). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e).

### b. Undisputed Material Facts

The following statements fact are quoted from FedEx's statement of undisputed materials facts ("SOF"):

1. "Reeder began working for FedEx in 1988 as a part-time cargo handler. At the time of his retirement from FedEx, Reeder worked as a human resource advisor based in Salt Lake City, Utah and reported to Garcia, a human resource manager located in Irvine, California."[12]

---

[12] Docket no. 7 at 3-4, SOF 1.

2. "In September 2010, FedEx's Legal Department asked Reeder and Patrick Little ("Little"), Reeder's managing director, to investigate an anonymous employee complaint about FedEx's ramp facility in Portland, Oregon, received on the company's Alert Line, a toll-free telephone line on which FedEx employees may lodge complaints. Reeder conducted an investigation of the Alert Line complaint and, on October 6, 2010, emailed Little and Garcia a written report of his investigative findings and conclusions for their review and feedback. On October 25, 2010, Garcia disciplined Reeder for violating FedEx's Performance Improvement Policy by failing to follow instructions and turning in an unacceptable Alert Line report to the Legal Department without her knowledge."[13]

3. "Because several managers in the Western Region recently complained to Garcia about Reeder, on November 10, 2010, Garcia asked Reeder to prepare a "30-60-90 day action plan" explaining how he was going to address some of the managers' concerns, rebuild his relationships with them, and regain their trust. By the time Garcia gave Reeder the disciplinary letter and requested an action plan, Reeder had already told Garcia and other FedEx employees that he was planning to retire from FedEx. Reeder objected to preparing the action plan Garcia requested, because he did not think he should have to do it if he was about to retire."[14]

---

[13] *Id.* at 4, SOF 2.

[14] *Id.*, SOF 3.

4. "On December 13, 2010, Reeder announced to his supervisors and peers he would retire from FedEx on December 31, 2010. Reeder retired from his employment with FedEx on December 31, 2010."[15]

5. "On May 25, 2011, five months after his retirement from FedEx, Reeder filed a charge with the Utah Labor Commission's Antidiscrimination and Labor Division ("UALD") alleging Garcia and Little discriminated against him because of his age and retaliated against him. RJN, Exhibit A. Reeder also filed an Intake Questionnaire with the UALD, detailing his allegations against FedEx and Garcia. RJN, Exhibit B. On May 24, 2012, the UALD issued a Determination and Order which found no reasonable cause to believe FedEx discriminated against Reeder."[16]

6. "On June 12, 2012, Reeder filed a request for de novo review before the Utah Labor Commission's Adjudication Division, and the matter was assigned to Administrative Law Judge Aurora Holley."[17]

7. "On February 26, 2015, FedEx filed a motion for summary judgment asserting Reeder's claim contained no genuine issues of material fact to be tried and FedEx was entitled to judgment as a matter of law. On July 8, 2015, Judge Holley issued her Order granting FedEx's motion for summary judgment."[18]

---

[15] *Id.* at 5, SOF 4.

[16] *Id.*, SOF 5.

[17] *Id.*, SOF 6.

[18] *Id.*, SOF 7.

8. "Reeder sought review of Judge Holley's Order by the ULC [Utah Labor Commission]. On October 21, 2015, the ULC issued its Order affirming Judge Holley's decision."[19]

9. "Reeder sought judicial review from the Utah Court of Appeals of the ULC's order affirming Judge Holley's decision granting FedEx summary judgment. On April 18, 2017, the Utah Court of Appeals filed its Order of Affirmance, declining to disturb the ULC's decision."[20]

10. "On June 19, 2017, Reeder filed a Petition for Writ of Certiorari to the Utah Supreme Court. Attachment, pp. 1-27. On August 17, 2017, the Utah Supreme Court denied Reeder's Petition."[21]

11. "On November 13, 2017, Reeder filed his Complaint for Discrimination with this court, alleging his same age discrimination and retaliation claims against FedEx and Garcia."[22]

FedEx's SOF 1 and 4-11 were not addressed by Reeder and are supported by evidence cited by FedEx. Accordingly, the court will treat these statements of fact as undisputed for purposes of the motion.

While Reeder makes general statements that there are numerous "false statements" in the motion, and in the evidence, he directly addresses only two of FedEx's statements of material

---

[19] *Id.*, SOF 8.

[20] *Id.* at 6, SOF 9.

[21] *Id.*, SOF 10.

[22] *Id.*, SOF 11.

7

fact.[23] Those statements of material fact are SOF 2 and SOF 3. First, Reeder argues that statements in SOF 2 are "contradictory, misleading, and contain information that is false."[24]

The court concludes that SOF 2 is not "contradictory" on its face. In support of his allegation SOF 2 misleading and contains false information, Reeder sets forth what he asserts is "the truth" of the matter.[25] He admits that "Garcia . . . administered a disciplinary letter on October 25, 2010 for sending the uncompleted report to Legal Department" and that he "did email the uncompleted investigation to Little and Garcia."[26] None of the additional facts asserted by Reeder do anything to create a genuine issue of the material facts set forth in SOF 2. Moreover, Reeder's additional asserted facts are not supported by affidavits or any evidence in the record, and contain conclusory allegations, including that "Garcia and Little . . . went on a 'witch hunt.'"[27]

With respect to SOF 3, Reeder says only that this statement "speaks of the 'witch hunt'" and makes the conclusory allegation that "[t]hese false and misleading statements definitely

---

[23] Reeder also identifies as a "major issue of material fact" the "error of the Utah Labor Commission's failure to follow procedure of issuing a 'Charge Statement with in [sic] their [sic] published 2 week time limit, but mistakenly took 60 days, from the date of the Intake Questionnaire, to get the Charge Statement to Reeder." Docket no. 14 at 3. This is not a statement of fact, nor does it address FedEx's statements of material fact. It is nothing more than a conclusory statement of the law and is the very question Reeder asks the court to resolve in his motion for clarification.

[24] Docket no. 14 at 5.

[25] *See id.* at 5-7.

[26] *Id.* at 6.

[27] *Id.*

prejudice the courts [sic] decisions and they present issues as to Material Facts."[28] Such conclusory allegations are insufficient to create a genuine dispute of material fact. Accordingly, the court concludes that Reeder has not "come forward with specific facts showing there is a genuine issue for trial." *Smart*, 678 F.3d at 858. Therefore, the court will treat all the facts set forth in FedEx's motion as undisputed for purposes of the motion. In addition, the court takes judicial notice of the administrative and judicial proceedings in Reeder's prior litigation. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

      c. **Analysis**

Because Reeder's claims are barred by the doctrine of claim preclusion, the court concludes that FedEx is entitled to judgment as a matter of law.

Where, as here, a state court has already issued a judgment, federal courts must apply the res judicata and collateral estoppel rule of the state that rendered the underlying judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "Res judicata encompasses two distinct doctrines: claim preclusion and issue preclusion." *Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 33, 73 P.3d 325 (citing *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 57, 44 P.3d 663). "Generally, 'claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously.'" *Miller*, 2002 UT 6, ¶ 58, 44 P.3d at 678 (quoting *Culbertson v. Bd. of County Comm'rs,* 2001 UT 108, ¶ 13, 44 P.3d 642). "Claim preclusion

---

[28] *Id.* at 7.

involves the same parties or their privies and also the same cause of action, 'and this precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action.'" *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214 (quoting *Schaer v. State,* 657 P.2d 1337, 1340 (Utah 1983)).  And when, as here, "an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *United States v. Utah Const. & Min. Co.*, 384 U.S. 394, 422 (1966).

> "Claim preclusion applies when three elements are satisfied:
>
>> (1) both suits must involve the same parties or their privies, (2) the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action, and (3) the first suit must have resulted in a final judgment on the merits.

*Peterson v. Armstrong*, 2014 UT App 247, ¶ 11, 337 P.3d 1058 (quoting *Moss v. Parr Waddoups Brown Gee & Loveless,* 2012 UT 42, ¶ 21, 285 P.3d 1157).

Both Reeder's complaint and the undisputed material facts make clear that Reeder has already litigated, or should have litigated, his claim for age discrimination and retaliation through the ULC and the Utah Court of Appeals. Indeed, the Petition, incorporated into the complaint as Exhibit 1, references the state proceedings before the ULC, the UALD Intake Questionnaire and Charge of Discrimination, the UALD Determination Order, and Judge Holley's Order on Motion for Summary Judgment. [29]

---

[29] *See* docket no. 1-2 at 8, 13-14, and 16.

The parties in the state proceedings are the same parties as those in the case now before this court. Accordingly, the court concludes that the first element for claim preclusion is met. Second, the claims in Reeder's complaint have already been presented in a prior suit or should have been raised in the first action. Reeder's claim for age discrimination arises from the same set of facts and circumstances as his already litigated claims of discrimination and retaliation against FedEx and Garcia. Finally, Reeder's first suit resulted in a final judgment on the merits. The Utah Court of Appeals issued an order affirming the ULC's decision,[30] and the Utah Supreme Court denied Reeder's Petition.[31] For these reasons, the court concludes that claim preclusion applies to Reeder's complaint, and FedEx is entitled to summary judgment.

## II.   Motion for Clarification

In his motion for clarification, Reeder requests that this court "review the application of the Statute of Limitations and what constitutes a 'Charge' document . . . to determine if Reeder's filing of an Intake Questionnaire filed with the EEOC . . . is in fact a 'Charge Document.'"[32] Reeder apparently believes that the outcome of the state administrative proceedings on his age discrimination and retaliation claims would have been different if his Intake Questionnaire and "8 Page Affidavit" had constituted a "Charge Document."[33] According to Reeder's motion, the 180-day limitations period should have been calculated from March 25, 2011, the date he entered on his Intake Questionnaire, rather than on May 25, 2011, the date stamped "RECEIVED" on the

---

[30] *See* docket no. 7 at 6, SOF 9; docket no. 10-5.

[31] *See* docket no. 7 at 6, SOF 10; docket no. 10-6.

[32] Docket no. 15 at 2.

[33] *Id.* at 6.

11

Charge of Discrimination.[34] However, Reeder already attempted to make this argument in an affidavit submitted in state administrative proceedings.[35]

Reeder's motion is nothing more than an appeal of the factual determinations already made by the UALD, the ULC's Adjudicative Division, the ULC, the Utah Court of Appeals, and the Utah Supreme Court. For all the reasons set forth above, claim preclusion applies here to bar Reeder from "relitigat[ing] . . . all issues that could have been litigated as well as those that were, in fact, litigated in the prior action." *Macris & Assocs., Inc.*, 2000 UT 93, ¶ 19 (internal quotation and citation omitted). Accordingly, the court recommends that Reeder's motion for clarification be denied.

## CONCLUSION AND RECOMMENDATIONS

In summary, the court concludes that claim preclusion applies to Reeder's complaint and motion for clarification. Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. FedEx's motion to dismiss[36] be converted to a motion for summary judgment, and be **GRANTED,** and Reeder's claims **DISMISSED WITH PREJUDICE**; and,

2. Reeder's motion for clarification be **DENIED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[34] *See* docket no. 16 at 4; docket nos. 10-1, 10-2.

[35] *See* docket no. 16-1.

[36] *See* docket no. 7.

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 26th day of February, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge